[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-15606
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00192-CV-B-S

YVETTE GRADY,

                                        Plaintiff-Appellant,

                    versus

BELLSOUTH,

                                        Defendant-Appellee.

----------------------------------------------------------------
**Appeal from the United States District Court
for the Northern District of Alabama**
----------------------------------------------------------------

**(December 22, 2005)**

**Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.**

**PER CURIAM:**

Plaintiff-Appellant Yvette Grady, who is African-American, appeals the district court's grant of summary judgment in favor of her former employer, BellSouth, in this action alleging that BellSouth--in violation of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e-2[1]-- racially discriminated against Plaintiff when it twice failed to promote her.  No reversible error has been shown; we affirm.

Plaintiff argues first that, under Fed.R.Evid. 701, the district court improperly struck the deposition testimony of her immediate supervisor, Joan Bentley, about (1) Plaintiff's qualifications for the promotions and (2) Bentley's opinion that BellSouth had discriminated against Plaintiff.  Plaintiff avers that Bentley's testimony on these matters creates a genuine issue of material fact about whether Plaintiff was a victim of discrimination.

We review a district court's rulings striking evidence for an abuse of discretion.  See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1259 (11th Cir. 2004).  Rule 701 governs lay witness opinion testimony and requires that such testimony, among other things, be (1) "rationally based on the perception of the

---

[1] Plaintiff also claimed that BellSouth retaliated against her after she complained of race discrimination.  The district court noted that Plaintiff only was pursuing her failure-to-promote claim; and Plaintiff does not mention the retaliation claim on appeal.  The retaliation claim is abandoned.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

witness" and (2) "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed.R.Evid. 701.

Bentley testified that she believed (1) Plaintiff was more qualified for promotion to a first-level manager position than Ann Tabor and Sheila Hawkins, the white employees who were promoted, and (2) Plaintiff was being discriminated against on the basis of race when BellSouth promoted Tabor over Plaintiff. We conclude that the district court did not abuse its discretion in striking Bentley's testimony on these matters.

Bentley admitted that she did not know who was the decision maker for the Tabor promotion; she said nothing about the Hawkins promotion process. And we see no evidence that Bentley knew of the qualifications for promotion to the first-level manager position. The record does not show that Bentley was involved in the selection process for promoting candidates to the first-level manager position. Plaintiff conceded that Bentley's supervisor, Richard McIntire, and McIntire's boss, Jon Rey Sullivan, made the promotion decisions. Also, Bentley did not

3

testify that she knew of the criteria BellSouth employed in the selection process.[2]
Thus, we reject as speculative Plaintiff's suggestion that Bentley must have known
of the specific requirements for promotion based on Bentley's 25 years of
employment with BellSouth, her 5 to 6 years' experience as a first-level manager,
and her position as direct supervisor over Tabor and Plaintiff. And, we observe
that Bentley testified that she did not hear McIntire say things that would lead her
to believe he was prejudiced against African-Americans. In sum, our reading of
the record shows Bentley's opinions that Plaintiff was more qualified than Tabor
and Hawkins and that BellSouth discriminated against Plaintiff are, at most,
speculative and conclusory and are not rationally based on Bentley's perceptions.[3]

Plaintiff also argues that she proved a <u>prima facie</u> case of race
discrimination. She further contends that she was more qualified than Tabor and
Hawkins. Thus, she maintains that she rebutted as pretextual BellSouth's
proffered reason for denying her the promotions: that the two promoted white

---

[2] Bentley stated, without detail, that Plaintiff had more experience than Tabor in working with invoices and Access Service Requests (ASRs). But for the position to which Tabor was promoted, BellSouth presented evidence that the promotion was based not on experience but on speed and proficiency in processing invoices. And Bentley failed to explain why she thought Plaintiff was more qualified than Hawkins.

[3] To the extent that Plaintiff argues that the district court should have admitted Bentley's testimony that BellSouth in the past had discriminated against Bentley on the basis of gender, this testimony is, at best, of limited relevance to Plaintiff's claim of race discrimination. The district court abused no discretion in excluding this testimony.

employees were better qualified than her. And she claims that most of BellSouth's reasons for denying her the promotions were subjective. Plaintiff also suggests that she can show pretext because BellSouth changed one of the reasons for not promoting her: at first, McIntire stated that Plaintiff's absences played no role in the promotion decision, but later BellSouth cited Plaintiff's attendance record as one of the main reasons for the decision.

We review a district court's grant of summary judgment de novo, viewing the facts--as supported by the evidence in the record--and reasonable inferences from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. Id.

To evaluate Plaintiff's claim, which is based on circumstantial evidence, we use the familiar burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973). See Cooper v. Southern Co., 390 F.3d 695, 724-25 & n.16 (11th Cir. 2004), (applying McDonnell Douglas framework to claims of intentional discrimination arising under Title VII and § 1981), cert denied, 126 S.Ct. 478 (2005). In this framework, Plaintiff must establish a prima facie case of discrimination, which creates a presumption of discrimination. BellSouth then must offer a legitimate,

5

nondiscriminatory reason for the employment action to rebut the presumption. If BellSouth successfully rebuts the presumption, the burden shifts back to Plaintiff to discredit the proffered nondiscriminatory reason by showing that it is pretextual. McDonnell Douglas, 93 S.Ct. at 1824-25.

We assume without deciding that Plaintiff established a prima facie case of discriminatory failure to promote. BellSouth has offered a legitimate, non-discriminatory reason for not promoting Plaintiff: the decision makers believed Tabor and Hawkins were better qualified than Plaintiff for the first-level manager positions. See Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268-69 (11th Cir. 2001) (affirming summary judgment in favor of employer who promoted candidate it believed was more qualified). We agree with the district court that Plaintiff has not shown that this reason is pretext for discrimination.

The record shows that McIntire recommended to Sullivan that Tabor and Hawkins be promoted. According to McIntire's observations, Plaintiff was not as qualified as Tabor for one of the positions, which required proficiency with invoices, because Tabor processed invoices more quickly than Plaintiff. And Mcintire believed that Plaintiff was not as qualified as Hawkins for the other position because Plaintiff did not have as much experience working with Access Service Requests (ASRs). In addition, McIntire stated that Plaintiff was not as

6

qualified for either position because Tabor and Hawkins (1) possessed better communication skills than Plaintiff, (2) had demonstrated a superior ability to build productive relationships with co-workers and customers, whereas McIntire believed that Plaintiff, among other things, avoided interactions with--and sometimes failed to cooperate with--others, (3) had demonstrated a more aggressive attitude toward work than Plaintiff by asking for more work and responsibility. That many of BellSouth's reasons were subjective does not show that the reasons were a pretext for discrimination. See Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) (stating that subjective reason, such as a personal quality, can be "legally sufficient, legitimate, nondiscriminatory reason" if defendant sets out "clear and reasonably specific factual basis upon which it based its subjective opinion"). Plaintiff has not shown that, under BellSouth's promotion criteria, she was so better qualified for the first-level manager positions that the disparities between her qualifications and those of Tabor and Hawkins "jump off the page and slap you in the face." Lee v. GTE Fla., Inc., 226 F.3d 1249, 1254 (11th Cir. 2000) (citation omitted); see Chapman, 229 F.3d at 1030 (stating that, to show pretext, plaintiff must rebut "head on" employer's proffered nondiscriminatory reasons).

And the record does not support a conclusion that BellSouth changed its reason for not promoting Plaintiff. McIntire and Sullivan were the decision makers for the promotions. McIntire stated that he did not consider Plaintiff's attendance in making his recommendation. But Sullivan made clear that, if Plaintiff wanted a promotion, she would have to improve her attendance record.

In sum, the district court abused no discretion in striking Bentley's deposition testimony. And the district court did not err in granting summary judgment to BellSouth on Plaintiff's claims of racially discriminatory failure to promote.

**AFFIRMED.**